IN THE UNITED STATES BANKRUPTCY COURT
FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Case No.: 19-11618-LSS |
| | : | |
| Ryan K. Wolfson, | : | Chapter 7 |
| | : | |
| Debtor. | | |

---

| | | |
|---|---|---|
| Ryan K. Wolfson, | : | Adv. Proc. No.: 19-50717-LSS |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| Betsey DeVos on behalf of the Department: | | |
| of Education, Navient Solutions, Inc., | : | |
| Pennsylvania Higher Education | : | |
| Assistance Agency, d/b/a FedLoan | : | |
| Servicing and American Education | : | |
| Services, | | |
| | : | |
| | : | |
| **Defendants.** | : | |

## EDUCATIONAL MANAGEMENT CORPORATION'S MOTION TO INTERVENE AS PARTY DEFENDANT

Educational Credit Management Corporation ("ECMC"), by its undersigned counsel, pursuant to Fed. R. Civ. P. 24(a), which is incorporated herein by Fed. R. Bank. P. 7024, hereby files this *Motion to Intervene as Party Defendant* (the "*Motion*") in this adversary proceeding. In support of this *Motion*, ECMC respectfully states as follows:

1. Plaintiff, Ryan K. Wolfson, is the Debtor herein. Plaintiff's *Complaint* in this adversary proceeding seeks to discharge his student loan obligations pursuant to 11 U.S.C. § 523(a)(8).

2. Among Plaintiff's student loan obligations are two (2) loans in the Federal Family Education Loan Program ("FFELP"), one disbursed on or about 9/07/2006 in the amount of

$3,500.00, and the second disbursed on or about 8/29/2007 in the amount of $5,500.00 (the "FFELP Loans"). The FFELP Loans originally were guaranteed by the Pennsylvania Higher Education Assistance Agency ("PHEAA").

3.      Defendant American Education Services ("AES") is the servicer of the FFELP Loans and holds no legal interest in the FFELP Loans.

4.      ECMC is a non-profit corporation organized under the laws of the State of Minnesota and a student loan guarantor in the FFELP. ECMC is governed by the Higher Education Act, 20 U.S.C. § 1070, *et seq.*, and 34 C.F.R. 682.100, *et seq.*

5.      Under the FFELP, lenders may not hold interests in student loans that are the subject of a bankruptcy adversary proceeding and, in such circumstances, are required to file claims with the FFELP guarantor under a promissory note's guaranty provision and pursuant to federal law. *See* 34 C.F.R. § 682.402(f). Thus, as a result of Plaintiff's commencement of this adversary proceeding, the lender (or the servicer and on behalf of the lender), filed a claim with PHEAA. Upon payment of the claim, PHEAA became the holder of all right, title, and interest in the FFELP Loans.  Thereafter, PHEAA assigned the FFELP Loans to ECMC. As a result, ECMC is the present holder of all right, title, and interest in the FFELP Loans, which assignment gives ECMC standing to defend this adversary proceeding.

6.      As ECMC now possesses all right, title and interest in the FFELP Loans, ECMC is "so situated that the disposition of th[is] action" without ECMC's participation would, as a practical matter, impair or impede ECMC's ability to protect its interest in the FFELP Loans. *See* Fed. R. Civ. P. 24(a)(2). Further, ECMC's interest will not be adequately protected by AES or PHEAA because they not hold any interest in the FFELP Loans and, therefore, do not possess the requisite statutory authority, nor the incentive, to defend the instant action to

determine the dischargeability of Plaintiff's student loans under § 523(a)(8).3 *Id.* Thus, ECMC is entitled to intervene as of right under Fed. R. Civ. P. 24(a)(2).

7.      Alternatively, ECMC may be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B) because ECMC has defenses that share with the main action common questions of law and fact. Indeed, this entire action turns on the application of the *Brunner* test to determine whether repayment of the FFELP Loans would cause the Plaintiff to suffer "undue hardship" under 11 U.S.C. § 523(a)(8). *See Zook v. Edfinancial Corp. (In re Zook)*, 2009 WL 512436, *1 (Bankr. D.D.C. Feb. 27, 2009) (adopting three-part undue hardship test of *Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). Further, permissive intervention at this early stage of the proceedings, before any discovery has taken place, will not delay or prejudice the adjudication of the original parties' rights.

WHEREFORE, for the foregoing reasons, ECMC respectfully requests that the Court enter an Order joining ECMC to this action as a party defendant in accordance with Fed. R. Bankr. P. 7024; granting ECMC leave to file an answer to Plaintiff's *Complaint*; and granting ECMC such other and further relief as the Court deems necessary and proper.

POOLE, MENSINGER, CUTRONA &
ELLSWORTH-AULTS

*/s/Tiffany A. Poole*
Tiffany A. Poole
2710 Centerville Rd., Suite 101
Wilmington, DE 19808
Attorney for ECMC